United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
John S. Carnes, Jr.  
    Debtor

Case No. 19-12843-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Mar 31, 2020  
                        Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 02, 2020.  
db          +John S. Carnes, Jr.,    259 Daleville Road,    Cochranville, PA 19330-1013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                  TOTAL: 0

             ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 02, 2020                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 31, 2020 at the address(es) listed below:

         JOSEPH F. CLAFFY    on behalf of Debtor John S. Carnes, Jr. claffylaw@gmail.com, claffylaw@aol.com;claffylawecf@gmail.com  
         JOSEPH PATRICK SCHALK    on behalf of Creditor    Truist Bank, Formerly Known As Branch Banking & Trust Company jschalk@barley.com, cbrelje@barley.com;jrachor@barley.com  
         JOSEPH PATRICK SCHALK    on behalf of Creditor    Branch Banking And Trust Company jschalk@barley.com, cbrelje@barley.com;jrachor@barley.com  
         KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com  
         REBECCA K. MCDOWELL    on behalf of Creditor    SANTANDER BANK, N.A., F/K/A SOVEREIGN BANK, N.A. rmcdowell@slgcollect.com, pwirth@slgcollect.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                                         TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John S. Carnes, Jr. <br> Debtor | | CHAPTER 13 |
| MIDFIRST BANK <br> Movant <br> vs. | | NO. 19-12843 AMC |
| John S. Carnes, Jr. <br> Debtor | | |
| William C. Miller, Esquire <br> Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,729.67**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | March 2020 in the amount of $3,043.24/month |
| Late Charges: | $121.19 |
| Suspense Balance: | $465.76 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,729.67** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 1, 2020 and continuing through September 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$3,043.24** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$621.62 from April 2020 to August 2020 and $621.57 for September 2020** towards the arrearages on or before the last day of each month at the address below;

MIDLAND MORTGAGE
999 N.W. GRAND BOULEVARD, SUITE 100
OKLAHOMA CITY, OK 73118-6116

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 11, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 3/20/2020

Joseph P. Claffy, Esquire
Attorney for Debtor

Date: 3/31/2020

/s/ Jack Miller, Esquire, for *
William C. Miller, Esquire
Chapter 13 Trustee

*No objection to its terms, without any prejudice to any of rights and remedies

Approved by the Court this ____ day of _____ 2020. However, the court retains discretion regarding entry of any further order.

**Date: March 31, 2020**

Bankrupty Judge
Ashely M. Chan