**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| JOHN S. CARNES, JR. | : | |
| | : | |
| Debtor | : | BANKRUPTCY NO. 19-12843 AMC |

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF OF YELLOW BREECHES CAPITAL, LLC

Debtor, by and though Joseph F. Claffy, Esquire, his attorney, contests the Motion for Relief sought by YELLOW BREECHES CAPITAL, LLC, and in support thereof avers the following:

1., 2.,3., 4.,Admitted.

5. Denied. It is specifically denied that debtor issued a note to Branch Banking & Trust. To the contrary, debtor issued such note to National Penn Bank. Strict proof that BB&T is successor by merger to National Penn Bank is demanded at time of trial.

6. Denied. It is specifically denied that debtor issued a note to Branch Banking & Trust. To the contrary, debtor issued such note to National Penn Bank. Strict proof that BB&T is successor by merger to National Penn Bank is demanded at time of trial.

7. Denied. It is specifically denied that debtor issued a note to Branch Banking & Trust. To the contrary, debtor issued such note to National Penn Bank. Strict proof that BB&T is successor by merger to National Penn Bank is demanded at time of trial.

8. Admitted.

9. Denied. It is denied that the referenced mortgage secures all three notes; to the contrary there is no mortgage tied to the $20,000 note referenced in paragraph 6. Strict proof demanded at time of trial.

10. Denied. Debtor has no knowledge of the recent transfers and pays these notes to another entity "Noble Loan Servicing" and therefore must deny same demanding strict proof at time of trial.

11. Denied. Debtor has no knowledge of the recent transfers and pays these notes to another entity "Noble Loan Servicing" and therefore must deny same demanding strict proof at time of trial.

12. Denied. It is specifically denied that debtor has defaulted; to the contrary, a payment book was sent to debtor for each loan and he has made every payment requested thereunder. Furthermore, the fact that movant or presumably its agents have sent a payment booklet with monthly payments for each loan, and the fact that movant has accepted the timely payments establishes a legal precedent that movant has waived demand as suggested in the prior modification referenced in Exhibit "F".

13. Denied. Debtor obtained extended payment terms from movant's predeccor and has abided by such religiously. Strict proof to the contrary demanded.

14. Denied. Debtor does not have information regarding the exact payoff and therefore denies same demanding strict proof thereof.

15. Denied. Movant has obtained its own appraisal and knows full well that there is an equity cushion and it is adequately protected.

16. Admitted. By way of further answer, debtor has just obtained a mortgage modification which will allow confirmation soon. Also, the fact of plan confirmation does not relate to movant's claim in that it was not affected by the plsn.

17. Denied as a conclusion of law and ultimate fact.

18. Denied. It is specifically denied that movant has been harmed at all. They have invested in some notes that are fully collateralized and are producing reasonable income.

19. Denied as a conclusion of law.

20. Denied. It is specifically denied, in view of the action by movants in restructuring the loan, that there has been a default. To the contrary, Movants have requested and have received payments as requested on the three loans each month.

21. Denied as a conclusion of law.

WHEREFORE, for all the reasons explained above, Debtor / Respondent requests the court to DENY the prayer of the Motion.

Respectfully submitted:

  /s/ Joseph F. Claffy
Joseph F. Claffy
Attorney for Debtor I.D. No. 35142
26 South Church Street
West Chester, PA 19382
610 429-0900
Claffylaw@aol.com